# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

HOWARD LEE JUSTICE, JR.,

    Plaintiff,

v.             CIVIL ACTION NO. 2:19-cv-00676

CITY OF CHARLESTON, WEST VIRGINIA,

    Defendant.

and,

HOWARD LEE JUSTICE, JR.,

    Plaintiff,

v.             CIVIL ACTION NO. 2:19-cv-00678

CITY OF CHARLESTON, WEST VIRGINIA,

    Defendant.

and,

HOWARD LEE JUSTICE, JR.,

    Plaintiff,

v.             CIVIL ACTION NO. 2:19-cv-00719

CITY OF CHARLESTON, WEST VIRGINIA,

    Defendant.

## ORDER

  Pending before the Court is Plaintiff Howard L. Justice, Jr.'s, ("Plaintiff") Complaint. (ECF No. 2.) Plaintiff filed three separate Complaints, all relating to the same incident, which

have been consolidated. By standing order entered on January 4, 2016, and filed in this case on September 19, 2019, (ECF No. 3), this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R"). Magistrate Judge Tinsley entered his PF&R on October 8, 2019, recommending this Court dismiss "these consolidated civil actions for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure." (ECF No. 5 at 3.)

Objections to the PF&R were due on October 25, 2019. In response, Plaintiff filed a motion to appoint counsel on October 16, 2019, (ECF No. 6), and a second motion to appoint counsel on October 23, 2019, (ECF No. 7). On November 12, 2019, Plaintiff filed a motion to transfer this case to a state circuit court. (ECF No. 8.) The Court will treat Plaintiff's claims within these motions as objections to the PF&R, where appropriate.[1]

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). This Court is not required to review, *de novo* or under any other standard, factual or legal conclusions contained within the PF&R to which no objections were addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and Plaintiff's right to appeal this Court's order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's

---

[1] It is likely that Plaintiff's first motion to appoint counsel, (ECF No. 6), was sent before Plaintiff received the PF&R because the motion contains no reference to the PF&R and no statements that can be construed as objections. However, taking into consideration that Plaintiff is acting *pro se*, the Court will treat his claims as objections, where appropriate.

proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (citations omitted). However, "[t]he district court cannot artificially limit the scope of its review by resort to ordinary prudential rules, such as waiver, provided that proper objection to the magistrate's proposed finding or conclusion has been made and the appellant's right to de novo review by the district court thereby established." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). In reviewing the portion of the PF&R to which Plaintiff objects, this Court will consider the fact that Plaintiff is acting *pro se*, and his filings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

Even read broadly, Plaintiff's motions do not make any statements that could be construed as objections to the findings of the magistrate. Plaintiff's first motion only requests that this Court appoint counsel. (*See* ECF No. 6.) Plaintiff's second motion again requests appointment of counsel but states Plaintiff believed he filed this action in Kanawha County, which he claims is in the jurisdiction of this Court. (*See* ECF No. 7.) Finally, in his third motion, Plaintiff requests this Court transfer this case to a state court because it is "not a federal case." (ECF No. 8.)

None of these motions address any of the magistrate's proposed findings and recommendations. The majority of Plaintiff's statements relate only to the appointment of counsel, which was not a finding or recommendation addressed in the PF&R.[2] Further, Plaintiff's confusion over the established jurisdiction of this Court is not a valid objection, and, finally, Plaintiff's third motion shows agreement with, not objection to, the magistrate's findings. Because Plaintiff's motions provide no challenge to any factual or legal conclusions contained within the PF&R, this Court need not conduct a *de novo* review. *Orpiano*, 687 F.2d at 47.

---

[2] Further, Plaintiff has no recognized right to counsel in this civil action under either the United States Constitution or the West Virginia State Constitution, and, therefore, this Court has no authority to appoint counsel.

Plaintiff does have the option to file a civil action in the Circuit Court of Kanawha County, West Virginia.

Accordingly, the Court **ADOPTS** the PF&R, (ECF No. 5), and **DISMISSES** this matter **WITH PREJUDICE**. The Clerk is **DIRECTED** to **REMOVE** this case from the active docket of this Court.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 2, 2019

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE